UNITED STATES of America,
Appellee,

v.

Carlos ZAPATA, also known as "Ca-liche"; David Baez, also known as "Matias," also known as "Jesus Pena," also known as "Carlos," also known as "Caliche," also known as "Perez," also known as "Fernando"; Teodoro Minier, also known as "Tito"; Ceferino Santos, also known as "El Viejo"; Mario Londono–Taba-rez, also known as "Sobrino"; William Jorge Garcia Santa; Clemente B. Jorge; Raphael Ernesto Polanco; Anthony Sanchez; Mario R. Granados, also known as "Mario Ollo," also known as "Alvaro," also known as "Mario Granados–Ruiz," also known as "Tuki", Defendants,

Eddy Cespedes, Defendant–Appellant.

Docket No. 02–1251.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Laura J. Lefkowitz, Stavis & Kornfeld (Roger L. Stavis, of counsel), New York, NY, for Appellant.

Andrew L. Fish, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Christine H. Chung, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present NEWMAN, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendant Eddy Cespedes appeals from a sentence of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*), which imposed on him 108 months' imprisonment, five years' supervised release, and a special assessment of $100, after Cespedes pled guilty to one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846. On appeal, Cespedes contends that the district court erred by denying his motion for a "minor role" adjustment pursuant to § 3B1.2(b) of the United States Sentencing Guidelines ("U.S.S.G.").

A district court's finding that a defendant was not a minor participant in the offense will not be disturbed on appeal unless clearly erroneous. *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000). The defendant bears the burden of establishing, by a preponderance of the evidence, that he was entitled to a minor role adjustment under U.S.S.G. § 3B1.2(b). *Id.*

Cespedes grounds his argument on one sentence in the Pre–Sentence Investigation Report, in which he is characterized as a "worker" for the cocaine distribution organization. Defendant–Appellant's Br. at 6. Yet in the same paragraph, the Report states that Cespedes "sold and distributed cocaine and heroin ... [and] collected proceeds of narcotics transactions for the organization." Pre–Sentence Investigation Report at ¶ 28. Cespedes did not object to the Report's findings at the sentencing proceedings, and he has not challenged the Report's findings on appeal.

Cespedes argues that "other members of the conspiracy were more culpable than Mr. Cespedes." Defendant–Appellant's Br. at 7. But as Cespedes acknowledges, *id.* at 6, a defendant may not receive a minor role adjustment solely because he played a lesser role than his co-conspirators; "to be eligible for a reduction, the defendant's conduct must [also] be 'minor' ... as compared to the average participant in such a crime." *United States v. Yu,* 285 F.3d 192, 200 (2d Cir.2002) (quoting *United States v. Rahman,* 189 F.3d 88, 159 (2d Cir.1999)). Because Cespedes sold and distributed narcotics, and collected proceeds from narcotics transactions, the district court found that Cespedes was not a "minor" participant as compared to the average conspirator convicted under 21 U.S.C. § 846. This finding was not clearly erroneous.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.